PAUL ALSTON              1126
GLENN T. MELCHINGER   7135

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813-3689
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  paul.alston@dentons.com
          glenn.melchinger@dentons.com

Attorneys for Plaintiffs
DOE CORPORATION 1
and DOE CORPORATION 2

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DOE CORPORATION 1 and DOE CORPORATION 2 ,<br><br>     Plaintiffs,<br><br>  vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>     Defendants. | Case No. CV 20-00395 JMS-KJM<br><br>**SUPPLEMENTAL MEMORAN-DUM IN SUPPORT OF *EX PARTE* MOTION FOR LEAVE TO FILE *COMPLAINT; SCHEDULE A,* PUBLICLY WITH REDACTIONS AND SUBMIT UNREDACTED VERSION UNDER SEAL**<br><br>[ECF Nos. 10, 11] |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF *EX PARTE*
MOTION FOR LEAVE TO FILE *COMPLAINT; SCHEDULE A*,
PUBLICLY WITH REDACTIONS AND SUBMIT
UNREDACTED VERSION UNDER SEAL**

Plaintiffs DOE CORPORATION 1 and DOE CORPORATION 2

(collectively "Plaintiffs") respectfully submit this supplemental memorandum

pursuant to *EO* [ECF 11] in support of their *Ex Parte Motion for Leave to File

Complaint; Schedule A, Publicly with Redactions and Submit Unredacted Version

Under Seal* [ECF 10], filed on September 25, 2020 (the "Motion").

## I.   INTRODUCTION

Plaintiffs moved *ex parte* for leave to seal **temporarily** certain information in

their Complaint that identifies Plaintiffs and to temporarily maintain publicly a

Complaint and Schedule A (listing the Defendant internet stores) with redactions.[1]

ECF 10.  The Court ordered Plaintiffs to address whether the Complaint "more

than tangentially relates to the merits of a case" under *Center for Auto Safety v.

Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), and whether Plaintiffs

must show "compelling reasons" instead of "good cause" to seal this information.

ECF 11.

---

[1] Plaintiffs will also file an amended motion to proceed temporarily under
pseudonyms, which will contain additional arguments and authorities to address the
issues raised in:  (a) ECF 11 and (b) the Civil Beat Law Center For The Public
Interest's objection to the requests to seal the record in Case 1:20-mc-00443, filed
September 30, 2020.  Plaintiffs will respond to the objections separately.

1

## II.    ANALYSIS

### A.    *Chrysler Group* Applies To Motions That Seek Merits Relief.

In *Chrysler Group* the circuit court reviewed a district courts' denial of an intervenor's motion to unseal certain discovery documents related to a motion for preliminary injunction (the "PI Motion").[2]  809 F.3d at 1094-95.  The district court in *Chrysler Group* found the PI Motion to be "non-dispositive," rejected it, and kept the documents sealed for "good cause" under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  On appeal, the circuit court vacated the order denying the motion to unseal and remanded to the district court to apply the "compelling reasons" standard as the PI Motion sought relief that was "more than tangentially related to the merits of the case."  809 F.3d at 1094, 1102.

In its analysis, the court stated:  "The focus in all of our cases is on whether the *motion at issue* is more than tangentially related to the underlying cause of action."  809 F.3d at 1099 (citing *Kamakana*, 447 F.3d at 1179)(emphasis added).  The circuit court examined the standards applicable to various types of motions and concluded that the PI Motion was "more than tangentially related to the merits" because the PI Motion asked the Court to grant relief (disclosure of a vehicle defect) prayed for in the complaint.  809 F.3d at 11102.  The complaint was the yardstick by which the court measured whether the PI Motion related to

---

[2] There is no intervenor herein, though objections were filed.  *See above*, n.1.

the "merits."  Thus, the "compelling reasons" standard from *Chrysler Group* does

not appear to directly apply to the Plaintiffs' request to seal the Complaint;

Schedule A.

The proposed redactions would not seal the underlying factual background,

the claims, or the prayer for relief in the Complaint, all of which would be publicly

filed.  Plaintiffs anticipate this information would, if the Motion is granted, also be

unsealed within the initial several months of the case.  Under these (unusual)

circumstances, Plaintiffs submit that the appropriate standard to apply at this stage

is the "good faith" standard set forth in FRCP Rules 5.2 and 26, and *Kamakana*.

*See also, USSC Holdings Corp. v. TK Prods., LLC*, 16-cv-00398-RCJ-WGC, 2017

U.S. Dist. LEXIS 107189, at *5 (D. Nev. July 7, 2017)(applying "good cause"

standard, permitting sealing of discrete portions of amended complaint and

exhibits, analyzing *Center for Auto Safety*).[3]

---

[3] Plaintiffs note there are cases in which parties have sought to seal all "accompanying papers" *and* a Complaint, or attempts to seal an entire case, or to seal portions of a complaint and certain financial documents attached to a complaint, but submit the relief sought in the Motion is different and distinguishable.  Further, the details under which the courts ruled in these matters are not entirely clear.  *Cf, A Man v. Yee*, 18-cv-0144 BAS- BGS, 2018 U.S. Dist. LEXIS 16917 (S.D. Cal. Jan. 31, 2018)(finding that "Complaint and accompany [sic] documents are not documents traditionally kept under seal"); *In re NVIDIA Corp. Derivative Litig*., No. C. 06-06110 SBA, 2008 U.S. Dist. LEXIS 120077, at *14 (N.D. Cal. Apr. 22, 2008).  Plaintiffs are happy to provide soft copies of these or any other authorities through whatever means the Court directs or finds acceptable.

3

**B.    The Motion Sets Forth "Compelling Reasons" To Permit Temporary Public Filing of a Redacted Complaint.**

The standard for sealing information attached to or submitted with any motion for temporary or permanent injunctive relief prayed for in the Complaint will require a separate analysis.  Plaintiffs will brief this issue further prior to seeking injunctive relief, but that said, Plaintiffs submit that even if the Court found the "compelling reasons" standard to apply here, the Motion (ECF 10) sets forth compelling reasons to permit the limited redactions temporarily sought.  The competitive harm that would befall Plaintiffs if they were deprived of a remedy and their federal trademark rights were diluted before they can even serve or engage the defendants–simply because defendants are increasingly technologically adept and digitally ephemeral–is a "compelling reason" sufficient to permit temporarily the proposed redactions and sealing.  The Motion is part of Plaintiffs' efforts to maintain the *status quo* for a time.

Courts have discretion to determine whether "compelling reasons" exist, and seal records under that standard where disclosure of certain information may harm parties.[4]  Here, the scope of information Plaintiffs seek to temporarily seal in the

---

[4] *Williams v. Aranas*, 16-CV-0759-MMD-CBC, 2019 U.S. Dist. LEXIS 128658, at *4 (D. Nev. July 30, 2019)(sealing sensitive health information under compelling reasons standard to avoid harm; also noting where court record may be used as "***sources of business information that might harm a litigant's competitive standing***" that may constitute "compelling reasons", quoting *Nixon v. Warner*

4

Complaint and Schedule A–which include certain business information identifying infringing users of Plaintiffs' marks, researched and acquired at Plaintiffs' cost–is limited.  The proposed sealing/redactions "will not interfere with the public's interest in understanding the judicial process."  *Aviva United States Corp. v. Vazirani*, 902 F. Supp. 2d 1246, 1273-74 (D. Az. 2012)(finding sufficiently compelling reasons to seal financial information attached to FRCP 56 motion that would put plaintiff at a competitive disadvantage; trademark action).

Plaintiffs respectfully submit that sealing is appropriate whichever standard may apply.

Dated:  Honolulu, Hawai`i, October 2, 2020.


          /s/ Glenn T. Melchinger
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiffs
DOE CORPORATION 1 and
DOE CORPORATION 2

---

*Comm., Inc.*, 435 U.S. 589, 599 (1978)); *Pryor v. City of Clearlake*, Civ. No. 11-0954 CW, 2012 U.S. Dist. LEXIS 112246, at *3 (N.D. Cal. Aug. 9, 2012)(sealing the home addresses and social security numbers of law enforcement officers, disclosure would expose the officers and their families to harm or identity theft) (citing *Kamakana*, 447 F.3d at 1182).