PAUL ALSTON            1126
GLENN T. MELCHINGER    7135

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813-3689
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  paul.alston@dentons.com
        glenn.melchinger@dentons.com

Attorneys for Plaintiffs
DOE CORPORATION 1
and DOE CORPORATION 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DOE CORPORATION 1 and DOE CORPORATION 2 ,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>　　　　　Defendants. | Case No. CV 20-00395 JMS-KJM<br><br>**SUPPLEMENTAL MEMORANDUM REGARDING ECF NO. 17 CONCERNING PSEUDONYMOUS PROCEEDINGS AND REDACTIONS**<br><br>[ECF Nos. 10, 11, 17] |

## SUPPLEMENTAL MEMORANDUM REGARDING ECF NO. 17 CONCERNING PSEUDONYMOUS PROCEEDINGS AND REDACTIONS

Plaintiffs DOE CORPORATION 1 and DOE CORPORATION 2 (collectively "Plaintiffs") respectfully submit this supplemental memorandum concerning the Court's November 2, 2020 *EO* [ECF 17].

**RESPONSE TO ECF 17**

The Court ordered in ECF 17 that Plaintiffs provide a "strong showing" that their proceeding under pseudonyms is proper herein through evidence supporting the evasive actions taken by internet stores selling counterfeit goods in other courts upon learning of enforcement actions. The Court's order touches exactly on the frustration that every plaintiff experiences who seeks to enforce federal trademark and other rights against hidden, overseas actors hiding behind a multitude of digital storefronts.[1]

Extensive litigation has not resulted in Plaintiffs' being able to gather specific evidence of the phenomenon of information sharing among sellers and the use of court records to avoid lawsuits. That evidence is limited precisely because

---

[1] In Plaintiffs' several prior enforcement actions in other federal courts, many defendants never appear, defend, or respond to discovery. It is difficult to provide substantial or "strong" evidence that the Court seeks in ECF 17 of: (1) the extent to which online retailers, including those overseas with websites aimed at the U.S., often without valid brick and mortar addresses, use websites or services that scrape court sites to obtain notice of new lawsuits and evade them; and (2) the extent of the harm caused by those defendants who evade the effect of these enforcement lawsuits and from whom no collection can be obtained even if a default judgment is obtained.

the internet sellers who successfully evade suit and/or collection do not respond and their principals cannot be clearly identified, and communications between the infringers are not produced.

From the Plaintiffs' point of view, the counterfeiters who use multiple online stores to evade lawsuits successfully in advance cannot be readily distinguished from those who simply fail to appear, or from the numerous defendants subject to default judgments from whom Plaintiffs cannot collect.  If Plaintiffs were able to ascertain the infringing *principals* beneath the online fronts (or had endless budgets, which they do not), Plaintiffs might be able to develop "strong" evidence of the evasive tactics that the Court seeks.

That said, Plaintiffs submit that the existence of, and counterfeiters' apparent use of, "seller defense" websites and private seller chatrooms are reasonably well known.  The existence of such "seller defense" websites and their use to help sellers become aware of tactics and watch out for new lawsuits has been featured in legal press.[2]  At least one other rights holder has alleged on information an belief

---

[2] One seller defense website Plaintiffs are aware of is discussed in this Bloomberg Law piece:  https://news.bloomberglaw.com/ip-law/companies-turn-to-design-patents-to-fight-overseas-knockoffs (last visited Nov. 16. 2020).  As noted in the Bloomberg piece, "companies selling knockoff goods have developed a sophisticated network" and use chatrooms and various means to "stay alert for new lawsuits."  *See also* https://apnews.com/article/08bf331552354071865178bc1cf26bf7 (last visited Nov. 16, 2020)("Unfortunately, once you shut one (website)

that there are multiple seller defense sites and private chat rooms used to discuss tactics to actively evade detection, pending litigation, and potential new lawsuits.[3] This medium (of websites and chatrooms devoted to "defense") is the message Plaintiffs hoped the Court would understand.

**In conclusion:** After substantial internal debate, Plaintiffs hereby notify the Court that they do not intend to continue to litigate further their ability to proceed under Plaintiff Doe Corporation pseudonyms in this lawsuit.

Rather, Plaintiffs intend to re-file their Complaint and proceed on the merits in their own names, and to file a motion to temporarily redact a smaller subset of information for the limited time a Rule 65 motion for temporary relief is pending. Plaintiffs recognize that proceeding pseudonymously in the trademark enforcement context presents certain novel issues, and at this point, they have determined it is in

/ / /

/ / /

---

down, they have 10 more ready to open up in a different name." -quoting Bruce Foucart of the National Intellectual Property Rights Coordination Center).

[3] *See Swarovski Aktiengesellschaft et al. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, Case No. 20-cv-00534 (N.D. Ill. Jan. 23, 2020), Compl. at Par. 26. https://www.docketbird.com/court-documents/Swarovski-Aktiengesellschaft-et-al-v-The-Partnerships-and-Unincorporated-Associations-Identified-on-Schedule-A/COMPLAINT-filed-by-Swarovski-Aktiengesellschaft-Swarovski-North-America-Limited-Filing-fee-400-receipt-number-0752-16646766/ilnd-1:2020-cv-00534-00001 (visited Nov. 16, 2020).

15805700\000001\115945105\V-1

their interests simply to proceed against the infringers on the merits instead of engaging in a prolonged effort to brief and prove up those issues.

Dated: Honolulu, Hawai`i, November 16, 2020.

    /s/ Glenn T. Melchinger
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiffs
DOE CORPORATION 1 and
DOE CORPORATION 2