PAUL ALSTON                      1126
GLENN T. MELCHINGER   7135

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813-3689
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  paul.alston@dentons.com
           glenn.melchinger@dentons.com

Attorneys for Plaintiffs
ZURU INC. and  ZURU (SINGAPORE) PTE LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| ZURU INC. and  ZURU (SINGAPORE) PTE LTD.,<br><br>            Plaintiffs,<br><br>      vs.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>            Defendants. | Case No. CV 20-00395 JMS-KJM<br><br>**PLAINTIFFS' *EX PARTE* MOTION TO TEMPORARILY SEAL CERTAIN INFORMATION IN PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF**; DECLARATION OF GLENN T. MELCHINGER; [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION TO TEMPORARILY SEAL CERTAIN INFORMATION IN PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF |

**PLAINTIFFS'** ***EX PARTE*** **MOTION TO TEMPORARILY SEAL CERTAIN INFORMATION IN PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND OTHER RELIEF**

Plaintiffs ZURU INC. and ZURU (SINGAPORE) PTE LTD. (collectively "Plaintiffs") respectfully move *ex parte* for an order to file the following documents under seal temporarily:

1) Plaintiffs' *Ex Parte* Motion for Entry of Temporary Restraining Order, Temporary Transfer of Defendant Domains, Temporary Asset Restraint, Expedited Discovery, and Electronic Service of Process/Publication ("Motion for TRO");

2) The Schedule A attached to the *Complaint*, filed September 16, 2020 [Dkt. 1], which identifies and includes a list of Defendants' online store names, Online Marketplace Accounts/URLs, and Defendant Domain Names (the "Defendant Internet Stores");

3) The names of the Defendant Internet Stores in Exhibit 1 to the Declaration of J. Arnaiz screenshot printouts; and

4) Any order ruling upon the Motion for TRO.

Plaintiffs have filed a version of the Motion for TRO and supporting documents with limited redactions *ex parte* and have submitted or will soon provisionally submit unredacted documents electronically under seal.[1]

In this action, Plaintiffs request *ex parte* relief based on claims for trademark counterfeiting and violation of its rights under the Lanham Act. Sealing this

---

[1] The Exhibits for this matter are over 80 MB, so Plaintiffs wish to confer with the Court on how best to transmit them (multiple email attachments, or FTP, etc.). Exhibit 1 will be broken up into multiple files under 10 MB, but can be provided as a PDF with bookmarks for each Defendant Internet Store.

portion of the file temporarily is necessary to prevent the Defendants from learning of the proceedings prior to the service of and execution of any temporary restraining order.  If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying federal laws and would interfere with this Court's power to grant relief if Plaintiffs ultimately prevail.  *See* Melchinger Decl., ¶ 4 and the Declarations filed in support of TRO.  If the TRO is granted, after it has been served on the relevant parties and the parties have an opportunity to respond and improper transfers of funds are stopped, unsealing the information is likely appropriate.

### I.    ARGUMENT

#### A.    Applicable Standard For Sealing

Plaintiffs seek leave to file under seal certain information related to this trademark infringement action against counterfeiters.  The information Plaintiffs seek to seal is filed in support of a motion for temporary restraining order ("TRO") that requires certain showings of the likelihood of success on the merits.  Thus, it appears "compelling reasons" are likely required to seal this information. *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092 (9th Cir. 2016), *cert. denied,* 137 S. Ct. 38, (Oct. 3, 2016) (where a motion is "more than

tangentially related to the merits" of the action, the sealing of confidential information is appropriate where there are "compelling reasons" to do so); 809 F.3d at 1099 (motions for preliminary injunction require district courts to address merits).

      **B.    Plaintiffs Seek Leave to Temporarily Seal Information Identifying the Defendants Internet Store Names.**

This is an action to enforce trademark rights against foreign counterfeiters who are using Plaintiffs' famous Robo Fish and Robo Alive marks to illegally sell product through interactive Internet stores. Plaintiffs have filed this type of case against similar (or perhaps identical) counterfeiter defendants in the past. *See, e.g.*, ECF 16-2.

The motion for TRO filed herein is an effort to preserve the *status quo* until Defendants can be served and have an opportunity to respond, after which Plaintiffs will seek a preliminary injunction and judgment. As detailed in the motion for TRO and supporting declarations, if the identity of the Defendants is made public, it is highly likely that Defendants will fraudulently transfer assets, dissolve their infringing interactive websites, change domains, and take other actions to prevent enforcement against their Internet stores, only to reform them later. Plaintiffs are engaged in a game of "whack-a-mole" repeatedly filing this type of suit. When certain counterfeit storefronts are stopped, others soon arise.

Indeed, many of the online store "names" at issue here are simply numbers. *See* Schedule A.

Courts have the discretion to determine whether "compelling reasons" exist, and to seal records especially where disclosure of certain information may harm parties. Without the relief sought here, Plaintiffs will be harmed in this and in future suits to enforce their rights under their marks.[2] The (a) harm to Plaintiffs' ability effectively to enforce their rights, plus (b) the Defendant Internet Stores' infringement and their ability to moot repeatedly the substantial efforts and cost for Plaintiffs to gather the business intelligence required to file this sort of suit are "compelling reasons" to permit the redaction of information that will identify Plaintiffs. Stopping counterfeiting by rogue sellers on eCommerce platforms is, increasingly, also a priority of the federal government. The Department of Homeland Security reported in 2020 to the President on how e-commerce has intensified counterfeit trafficking, recognizing a "crisis." *See* https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf (*last visited 10/30/2020*) (noting while e-commerce platforms often present a "liability gap"; concluding online marketplaces permit a flood of counterfeit goods; calling for careful vetting of third party sellers). This

---

[2] Plaintiffs' Motion for TRO sets forth its case on irreparable harm.

further supports the conclusion that there are "compelling reasons" to enable parties to seek to preserve the status quo anonymously before litigating the merits.

This is a case where in all likelihood "notice to the defendant would render further prosecution fruitless." 2018 WL 3413866, at *4; *Cisco Systems v. Shenzhen Usource Tech. Co*., Case No. 5:20-cv-04773-EJD, 2020 U.S. Dist. LEXIS 158008, 2020 WL 4196273, (N.D. Cal. Aug. 10, 2020) (granting *ex parte* relief). In part, more and more defendants achieve this by using websites and collaboration tools to avoid lawsuits, even tracking certain firm's enforcement efforts. *See* Melchinger Decl., ¶ 4. Thus, Plaintiffs seek to temporarily seal the Motion for TRO, **Schedule A** to the Complaint and **Exhibit 1** to the Declaration of Jessica Arnaiz, which identifies the online store names and other evidence of infringement and counterfeit sales for numerous internet interactive websites which are the target of this lawsuit, which are submitted in support of *Plaintiffs' Motion For TRO*. Plaintiffs also seek to seal any order granting the Motion for TRO, which will also identify the Defendant Internet Stores.

      **C.**    **Compelling Reasons Exist to Permit Temporary Sealing.**

Under these circumstances, Plaintiffs submit that compelling reasons exist to outweigh the public policies favoring disclosure. First, as a mitigating factor, Plaintiffs seek to seal this information only until shortly after the Court rules upon

its contemporaneously filed Motion for TRO, Plaintiffs have a chance to serve any order, obtain discovery, seek compliance the Defendants have a chance to respond.

Second, this case concerns counterfeiters and infringers who will take actions to eliminate and destroy any chance of Plaintiffs holding them to account for their willful trademark infringement.  This is a common enough occurrence that Courts have expressly addressed it.  *See Cisco Systems*, above.  If this relief is not granted, there is a dramatically increased chance that the counterfeiters will not be held accountable for their infringement and will continue to violate federal law, trade on Plaintiffs' goodwill and cause irreparable harm to both Plaintiffs and the public.

In sum, Plaintiffs anticipate that the information would only be sealed until after service is effected in the manner sought in the *Plaintiffs' Motion For TRO* and the Defendant Internet Stores have an opportunity to respond and fund transfers can be temporarily stayed.  Plaintiffs submit that the above "compelling reasons" exist to temporarily seal the information as requested.

//

//

//

This motion is based on FRCP Rule 7 and LR 5.2, the supporting the declaration and exhibit(s), and the files and records herein, all of which are incorporated by this reference.

Dated:  Honolulu, Hawai`i, November 22, 2020.

      /s/ Glenn T. Melchinger
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiffs
Zuru Inc. and Zuru (Singapore) PTE Ltd.